UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZACHARY M. MUTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 13-cv-8580 |
| v. | ) |
| | ) Judge John W. Darrah |
| LISA MADIGAN (in her official capacity); | ) |
| RAHM EMANUEL (in his official capacity); | ) |
| CHRISTOPHER KENNEDY (in his official capacity); | ) |
| THE UNIVERSITY OF ILLINOIS AT CHICAGO; | ) |
| WILLIAM RODRIGUEZ (in his official capacity); | ) |
| THE UNIVERSITY OF ILLINOIS AT CHICAGO | ) |
| POLICE DEPARTMENT; and FOUR UNNAMED | ) |
| MEMBERS OF THE UIC PATROL (in their official | ) |
| capacities), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants, the University of Illinois at Chicago; the University of Illinois at Chicago's Police Department; Christopher Kennedy, the Chair of the Board of Trustees of the University of Illinois; William Rodriguez, the Associate Dean of Students at the University of Illinois at Chicago; and four unnamed members of the University student patrol (collectively, "the University Defendants"), move to dismiss Plaintiff Zachary Mutter's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons presented below, Defendants' Motion to Dismiss [18] is granted, and the Complaint is dismissed. Plaintiff's Motion for a Preliminary Injunction [21] is denied as moot.

## BACKGROUND

Mutter, a former second-year dental student at the College of Dentistry at the University of Illinois at Chicago ("UIC"), has brought a seven-count Complaint against Defendants,

alleging violations of his rights under the Second, Fourth, Fifth and Fourteenth Amendments of the Constitution, as well as claims for tort and breach of contract. The action stems from UIC's expulsion of Mutter, after Mutter brandished but did not discharge a concealed firearm. Mutter, a nonresident of Illinois, does not hold an Illinois Firearm Owner's Identification ("FOID") card for the gun, though he does have a valid Commonwealth of Virginia Non-Resident Concealed Handgun Permit.

The following facts are taken from Mutter's Complaint. On October 20, 2013, at approximately 10:30 p.m., Mutter and a fellow student, Natasha Kanchwala, were walking home from the library at Rush University Medical Center, when they witnessed a woman being brutally attacked by a large, unknown assailant, later identified as Kenneth Cambell. (Compl. ¶ 4(h).) After Mutter yelled at Cambell to stop, Cambell started running at Mutter and Kanchwala and yelling threatening, racially charged comments at them. (*Id* ¶ 4(l).) Kanchwala called 911; Mutter then drew his handgun, a Glock 9mm semi-automatic pistol, and pointed it at Cambell, demanding that he stop. (*Id.* ¶ 4 (m).) Cambell retreated, got into a car with the woman he had been attacking, and sped off. (*Id.* ¶ 4(n).) Mutter and Kanchwala continued walking to their apartments until they were confronted and threatened by Cambell again, who pulled up in the same car, parked directly in front of them, jumped out of the car, began screaming at them, and appeared to try to retrieve something from his pocket. (*Id.* ¶¶ 4(o)-(q).)

During this second confrontation, Mutter saw a UIC Patrol vehicle with four unnamed students, acting as UIC patrol officers (the "Four Student Patrol Officers"), and attempted to flag the vehicle down for help. (*Id.* ¶ 4(r).) In response, the Four Student Patrol Officers locked their vehicle's doors and rolled up the windows. (*Id.* ¶ 4(s).) As Cambell continued to make his threats, Mutter pulled out his handgun again, causing Cambell to leave the area. (*Id.* ¶¶ 4(t)-(u).)

2

Mutter and Kanchwala called 911 again, and then Mutter walked to his nearby apartment and put his handgun away. The UIC Police subsequently arrived and conducted a preliminary investigation. When Mutter returned to the scene a few minutes later, he was handcuffed and arrested by the UIC Police. (*Id.* ¶¶ 4(v)-(y).) On the request of the UIC Police, Mutter signed a consent form permitting a search of his house, during which the UIC Police retrieved Mutter's handgun and ammunition. The Four Student Patrol Officers signed complaints against Mutter for placing their lives in jeopardy in four separate counts of reckless conduct with a firearm and two counts of aggravated unauthorized use of a firearm. (*Id.* ¶ 4(x).) The UIC Police later approved the charges, Mutter was processed and fingerprinted, and his firearm was impounded. (*Id.* ¶ 4(aa).)

On October 25, 2013, Mutter was notified he was being placed on suspension, and, on October 29, 2013, UIC conducted a disciplinary hearing. During the hearing, Mutter was not allowed to speak, to cross-examine witnesses, or otherwise participate in the hearing, pursuant to the Student Disciplinary Handbook. He was permitted to call Kanchwala, who corroborated his version of the facts presented, but was not allowed to call any of the Four Student Patrol Officers. (*Id.* ¶¶ 4(bb)-(ff).) Mutter was thereafter expelled and unenrolled from his classes, with the opportunity to reinstate in 2015. He appealed the decision, which was affirmed in UIC's favor on November 25, 2013. (*Id.* ¶¶4 (gg)-(hh).)

Mutter filed the instant lawsuit on November 27, 2013. Specifically, his Complaint asserts the following claims against the following Defendants:

- Count 1: violation of right to bear a concealed firearm, pursuant to the Fourteenth and Second Amendments (all Defendants);
- Count 2: wrongful arrest and prosecution in violation of the Fourth and Fourteenth Amendments (Kennedy, UIC Police and UIC);

- Count 3: claim in tort for failure to adequately train (Kennedy, UIC Police and UIC);
- Count 4: violation of Substantive and Procedural Due Process (Kennedy, Rodriguez and UIC);
- Count 5: slander and libel (Kennedy, Rodriguez, UIC and UIC Police);
- Count 6: claim in tort for unsafe learning environment (Kennedy, Rodriguez, and UIC);
- Count 7: breach of contract (UIC).

(*See Compl.* pp4-6.) In addition, in Count 1, Mutter seeks declaratory relief from two additional Defendants, Illinois Attorney General Lisa Madigan and Chicago Mayor Rahm Emanuel, to prevent the enforcement of 720 ILCS 5/24-1.6(C)(3). Mutter also seeks reinstatement as a dental student and monetary damages.

On December 4, 2013, Mutter filed a Motion for Temporary Restraining Order, which this Court denied on December 11, 2013. The University Defendants have moved to dismiss Mutter's Complaint under Rules 12(b)(1) and 12(b)(6), arguing that Mutter's claims are barred by the Eleventh Amendment and that he has failed to state a claim.

**LEGAL STANDARD**

For purposes of a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *See, e.g., Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A Rule 12(b)(1) motion challenges federal jurisdiction, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction, including standing, have been met. *Scanlan*, 669 F.3d at 841-42. In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must set forth a "'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo*, 526 F.3d at 1081 (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although detailed factual allegations are not required, the complaint must allege sufficient facts "to state a claim to relief that is plausible on its face" and which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

*Defendants' Motions to Dismiss Under Federal Rule 12(b)(1)*

The University Defendants first argue that Mutter's Complaint must be dismissed under Rule 12(b)(1) because his claims are barred by the Eleventh Amendment. The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. When properly raised as a defense, the Eleventh Amendment "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of AFSCME v. Quinn*, 680 F.3d 875, 881-81 (7th Cir. 2012) (quoting *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010)); *see also Pennhurst State*

*School & Hosp. v. Halderman,* 465 U.S. 89, 98 (1984).[1] There are three exceptions to the state's sovereign immunity under the Eleventh Amendment: (1) a state can consent to a suit; (2) Congress, acting under its constitutional authority, may abrogate immunity in the drafting of a federal law; and (3) the doctrine established by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), which "allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law." *Council 31 of AFSCME*, 680 F.3d at 882 (quoting *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000)). Mutter has asserted a claim under 42 U.S.C. § 1983, which governs civil actions involving the deprivation of a party's rights, privileges and immunities under state and federal law. *See* 42 U.S.C. § 1983. The Supreme Court has held Section 1983 is not an exception to state sovereign immunity. *Quern v. Jordan,* 440 U.S. 332, 342 (1979); *see also Thomas v. State of Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Courts have routinely recognized that state universities, as well as their governing bodies, are protected from suit under the Eleventh Amendment. *See, e.g., Kaimowitz v. Board of Trustees of University of Illinois*, 951 F.3d 765, 767 (7th Cir. 1991); *Cannon v. Univ. of Health Sciences/Chi. Med. Sch.*, 710 F.2d 351, 356 (7th Cir. 1983) (Southern Illinois University and the Board of Trustees of the University of Illinois are state agencies with Eleventh Amendment immunity). As such, Mutter's claims against Defendant UIC are barred by the Eleventh Amendment. Defendant UIC is therefore dismissed.

---

[1] Suits against state officials in their personal capacity "raise no eleventh amendment issues . . . . [but] an award of damages may be executed only against that official's personal assets." *Kroll v. Board of Trustees of the University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991).

Mutter has also named UIC Police, as a division of the Chicago Police Department, and not named any individual officers. A police department is not a suable entity. *See, e.g., Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997), *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997). Defendant UIC Police is therefore dismissed.

Mutter has also named Rodriguez and Kennedy in their official capacities, as assistant dean and chairman of the board of trustees, respectively. In *Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987), the Seventh Circuit affirmed the dismissal of a discrimination suit against Purdue University but permitted the suit against the individually named officials for injunctive relief of reinstatement into a graduate program. The *Kashani* court, citing *Ex parte Young*, stated that "a suit for prospective injunctive relief is not deemed a suit against the state and thus is not barred by the Eleventh Amendment." *Id.*

In this case, Mutter has requested injunctive relief in the form of reinstatement, based on alleged violations of his Second Amendment and constitutional due process rights, as reflected in Counts 2, 3 and 4. The University Defendants argue, however, that Mutter has not sufficiently alleged an ongoing violation of federal law to support the application of the *Ex parte Young* doctrine. This is more properly addressed below regarding whether Mutter has stated a claim under Rule 12(b)(6). Because Mutter has alleged that his constitutional rights were violated and requested injunctive relief, Mutter's claims against Rodriguez and Kennedy are not barred by the Eleventh Amendment. *See Kashani*, 813 F.2d at 848.

However, Mutter's claims against Rodriguez and Kennedy that sound in tort, specifically Counts 3, 5, and 6, do not concern an ongoing violation of federal law requiring prospective relief so as to invoke the *Ex parte Young* doctrine. Therefore, those claims are dismissed.

7

Finally, with respect to the Four Student Patrol Officers sued in their official capacities, Mutter's Complaint cannot be read as requesting prospective injunctive relief against these Defendants, as they have no control over whether Mutter is reinstated as a dental student. As such, the exception articulated in *Ex parte Young* does not apply. Furthermore, as the University Defendants point out, Mutter's claims against the Four Student Patrol Officers are based solely on their signing of criminal complaints against him, and a constitutional claim cannot be based on the signing of a criminal complaint. *See, e.g., Teta v. Packard*, 959 F. Supp. 469, 475-76 (N.D. Ill. 1997) (citing *Johnson v. Miller*, 680 F.2d 39, 40 (7th Cir. 1982)). The Four Student Patrol Officers are dismissed as Defendants.

*Defendants' Motions to Dismiss Under Federal Rule 12(b)(6)*

The University Defendants also argue that Mutter has failed to state a claim under Rule 12(b)(6). With respect to the two remaining Defendants, Kennedy and Rodriguez, Mutter asserts claims under the Second, Fourth, Fifth and Fourteenth Amendments.

*Mutter's Substantive and Procedural Due Process Claims*

The Seventh Circuit has clearly stated that "a graduate student does not have a federal constitutional right to a continued graduate education." *Bissessur v. Indiana Univ. Board of Trustees*, 581 F.3d 599, 601 (citing *Williams v. Wendler*, 530 F.3d 584, 589 (7th Cir. 2008)). This is because a graduate student does not generally have a constitutionally protected property interest in that education. *Williams*, 530 F.3d at 589. However, an exception exists where the student can show a legal entitlement through either an express or implied contract. *Id.* In the case of an implied contract, the student must "first show that the implied contract establishes an entitlement to a tangible continuing benefit." *Bissessur*, 581 F.3d at 602 (citing *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 574 (1972)). The "student must 'point to an identifiable

8

contractual promise that the [university] failed to honor.'" *Bissessur*, 581 F.3d at 602 (quoting *Roth,* 408 U.S. at 574 (other internal citations omitted)). Without "such a specific promise, the court will not participate in 'second-guessing the professional judgment of the University faculty on academic matters.'" *Bissessur*, 581 F.3d at 602 (quoting *Ross v. Creighton Univ.*, 957 F.2d 410, 415 (7th Cir. 1992)).

In this case, Mutter asserts that his expulsion violated his substantive and procedural due process rights under the Fifth and Fourteenth Amendments. However, Mutter has failed to point to "an identifiable contractual promise" by UIC that would establish a protected property interest in Mutter's continuing graduate education. *Bissessur*, 581 F.3d 602. In Count 7, his breach of contract claim, (though not Count 4, his due process claim), Mutter cites to UIC's "Introduction to the Student Disciplinary Handbook" and argues that UIC's procedures were not followed. However, the cited Handbook language states that the disciplinary process is "non-adversarial, confidential, and not to be considered analogous to court proceedings [and] independent of any criminal or civil penalties." (Compl. p. 22.) According to his own allegations, Mutter received a disciplinary hearing where he was represented by an attorney. While he argues that he was not allowed to examine the Four Student Patrol Officers, the Handbook clearly states that the hearing was not analogous to court proceedings. Therefore, Mutter did not have the same rights as he would in court. Mutter has not established an implied contract with respect to the disciplinary process and has not established a violation of procedural due process rights.

Likewise, Mutter has not established a violation of his substantive due process rights. Although he argues that his expulsion for "brandishing a handgun was arbitrary," as discussed above, Mutter has not established a protected property interest in his continuing education. Furthermore, Mutter's own allegations support that the University had a reason for expelling him

9

other than that of brandishing a handgun; specifically, the Four Student Patrol Officers had sworn out complaints against Mutter for placing their lives in jeopardy in four separate counts of reckless conduct with a firearm and two counts of aggravated unauthorized use of a firearm. Therefore, even if Mutter could establish a protected property interest, these complaints undercut Mutter's argument that the University's expulsion of him was a deprivation of his substantive due process rights. Mutter has failed to state a claim that his due process rights were violated, and this claim is dismissed.

*Second and Fourth Amendment Claims*

Mutter also argues that his Second Amendment right to bear arms was violated when he was arrested for brandishing a handgun. He also argues that his Fourth Amendment right to be free from unreasonable search and seizure was violated when he was arrested and prosecuted for the same. However, as discussed in the preceding section, Mutter's own allegations undercut his claims. Under *Iqbal*, 556 U.S. at 678, Mutter must state a claim to relief that is "plausible on its face" and which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Mutter's allegations that the Four Student Patrol Officers signed complaints that he acted recklessly with his handgun do not state a claim that is plausible on its face. While Mutter has a Second Amendment right to bear arms, that right does not extend to reckless conduct. Likewise, the Four Student Patrol Officers' complaints fatally undermine Mutter's Fourth Amendment claim that he was unfairly arrested and prosecuted. Consequently, Mutter's Second and Fourth Amendment claims are also dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Complaint [18] is granted. The Complaint is dismissed pursuant to Rules 12(b)(1) and 12(b)(6). Defendants UIC, UIC Police, and the Four Student Patrol Officers are dismissed with prejudice under Rule 12(b)(1). Counts 3, 5, 6 and 7 are also dismissed with prejudice under Rule 12(b)(1). Defendants Kennedy and Rodriguez are dismissed without prejudice under Rule 12(b)(6). Plaintiff is granted leave to amend his Complaint in compliance with this Opinion, if he can do so pursuant to Rule 11, within thirty days. Plaintiff's Motion for a Preliminary Injunction [21] is denied as moot.

Date:＿＿＿February 13, 2014＿＿＿＿＿＿  ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
JOHN W. DARRAH
United States District Court Judge